IN THE
# UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

№ 2:05-CV-257-P-A

*Minnie Butler*,
                *Plaintiff*,
VERSUS

*Kmart Corporation, et al.*,
                *Defendant*

**ORDER**
GRANTING IN PART & DENYING IN PART
Plaintiff's Third Motion to Compel

Before the court is plaintiff's Third Motion [91] to Compel the defendant, Kmart Corporation to respond to numerous discovery requests. Armed with the parties' memoranda and appraised of the applicable law, the court hold that the motion is **GRANTED IN PART AND DENIED IN PART**.

## I.

To be sure, this cause presents difficult and complex discovery issue. Many of the factual allegations derive from activity at a Kmart store in Southaven, Mississippi, which is now closed. As part of its closing procedures, Kmart transferred many of the documents at the Southaven store to stores in Tennessee (Kingsport, Johnson City, and Memphis) and in Georgia (Rome). Kmart also indicated that it *attempted* to locate those, as well as other, documents at its corporate headquarters. The plaintiff contends that Kmart's mere attempt to locate documents does not sufficiently discharge its discovery responsibilities under the FEDERAL RULES OF CIVIL PROCEDURE and has brought two prior motions to compel discovery in this cause. While cognizant of the difficulty in this matter, the court is nevertheless charged with ensuring the parties discharge their discovery responsibilities

diligently and in good faith. With that in mind, the court will address the various discovery disputes.[1]

## II.

Although broken down by individual discovery requests (15 in total), the motion in essence seeks to compel Kmart's compliance in two categories: (1) corporate security measures and evaluations and (2) Southaven store documents. The court will dispose of the motion by addressing these two broad categories.

### A.

Requests for production N$^{os}$ 6, 7, 8, and 19 seek information concerning Kmart's security operations, including contracts and documents with outside security firms and the various written policies and procedures addressing Kmart's risk assessment of its retail stores. To these requests, Kmart objected, claiming universally that they requested "material outside the scope of discovery" under FED. R. CIV. P. 26(b)(1).[2]

***Request N° 6***. The court holds that this request—as written—places an undue burden on Kmart that outweighs its likely benefit. *See* FED. R. CIV. P. 26(b)(2)(C)(iii). The plaintiff requests "all documents (contracts, directives, correspondence, memoranda, reports of any kind, payment receipts, etc.) relating to Kmart's contract for national security services" with various security contractors. The plaintiff claims that this information would

---

[1] While the court understands the efficiency of presenting many issues in one motion, it offers some sage, poetic advice from Judge Joseph Story:
> *Be brief, be pointed, let your matter stand*
> *Lucid in order, solid and at hand;*
> *Spend not your words on trifles but condense;*
> *Strike with the mass of thought, not drops of sense;*
> *Press to the close with vigor, once begun,*
> *And leave—how hard the task!—*
> *Leave off when done.*

[2] Kmart is advised that federal courts generally disfavor objections that do nothing but characterize a request as a "fishing expedition," finding them insufficient. *See, e.g., Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327-28 (Fed. Cir. 1990).

provide insight into Kmart's decision "to hire/not hire outside security for other store locations." While arguably *some* of the documents responsive to this request would be discoverable, the time necessary to compile *all* documents responsive to this request would be immense, and the importance of the proposed discovery (as written) is minimal. *See, e.g., Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002). The court will not order K-Mart's compliance with this request.

*Request N<sup>os</sup> 7 & 8*. In these requests, the plaintiff requests "a complete list of all Risk Level 5 Kmart facilities for the calendar years of 2000, 2001, 2003, and 2004" and "all documentation relating to the criteria for determining the appropriate risk level of a Kmart facility." Kmart claims that these requests seek material outside the scope of discovery. If the requested information is *reasonably calculated* to lead to the discovery of admissible evidence, FED. R. CIV. P. 26(b)(1) requires its production. *See, e.g., Degen v. United States*, 517 U.S. 820, 825-26 (1996). The factual allegations of this case center around Kmart's alleged misfeasance (or nonfeasance) in connection with the lack of security services at the Southaven store. It is clear that information concerning Kmart's standard procedures in assessing security risks at its stores, as well as lists of stores on par with the Southaven store's security rating (perhaps, for purposes of comparison) is relevant to this cause and therefore is discoverable. The court directs Kmart to respond to the plaintiff's requests 7 and 8.

*Request N<sup>o</sup> 19*. Request 19 calls for "all email transmissions from Brad McNabb [a Kmart district loss prevention manager] to Store No: 4970 [a level-5 store in Memphis] relating to outside security services …." Kmart objected, claiming the request asks for material outside the scope of discovery. Given its ability to serve as a base of comparison, as well as provide insight into Kmart's security processes at a level-5 store located in a similar

geographic region, Request 19 is clearly relevant and reasonably calculated to lead to the discovery of admissible evidence. Kmart is directed to respond to this request under its discovery responsibilities.

**B.**

The balance of the disputed discovery requests (N$^{os}$ 3, 4, 5, 9, 13, 14-18)[3] seek documents from or about the now closed Southaven store. As the subject matter of the requests is similar, the court will consider them collectively.

Kmart's standard response—varied somewhat across the requests—was:

> Defendant has been unable to locate documentation relating to Kmart's decision to rate the Southaven Kmart as a Risk Level 5 facility. As set forth in Defendant's third supplemental responses to Plaintiff's second set of request for production of documents, Defendant has conducted a complete and thorough search of the Kmart stores in Kingsport, Tennessee, Rome, Georgia, Johnson City, Tennessee, and the Memphis, Tennessee–Austin Peay store in an attempt to locate documents from the closed Southaven, Mississippi Super Kmart. As set forth in the affidavits attached to Defendant's third supplemental responses to Plaintiff's second set of request for production of documents, Defendant has been unable to locate documents from the Southaven, Mississippi Super Kmart with the exception of the documents previously identified in Defendant's previous responses to the Plaintiff's requests for production of documents and which have been previously produced to the Plaintiff. See attached affidavit of Wanda Hayslett, loss prevention manager of the Memphis, Tennessee–Austin Peay Kmart regarding the search for Southaven Kmart documents at the Memphis Austin Peay Kmart.

The plaintiff contends this response is a woefully inadequate *argumentum ad misericordiam* and allows Kmart to shirk its discovery responsibilities. The court is not so convinced. A party must search its own records for the relevant documents, electronically stored information, and tangible things. *See, e.g., In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003). Correspondingly, that party's counsel must make a reasonable effort to ensure the client has produced all the documents responsive to a discovery request. *E.g.,*

---
[3] Kmart was able to locate documents wholly responsive to Request 2 (relating to the store closing procedure manual) and subsequently served the plaintiff with a copy of it on August 10, 2007. As such, this Motion as it relates to Request 2 is **DENIED AS MOOT**.

4

*Poole v. Textron, Inc.*, 192 F.R.D. 494, 503 (D. Md. 2000). Of course, a party cannot be expected to produce information that no longer exists. As for the searches for tangible things in this cause, Kmart has produced affidavits attesting to its search efforts and lack of results. There is no evidence that Kmart has failed to make a diligent search for the documents in the four stores where the information was transferred after the closing. The court will not compel Kmart to conduct another search absent additional evidence tending to show intentional evasiveness or inaction in the face of Kmart's discovery responsibilities.

It is less clear whether Kmart acted with similar diligence in search its *electronically stored information*. In fact, Kmart mentions very little about whether it conducted searches in its various computer systems for documents responsive to the various discovery requests. Absent some valid objection, it is clear that Kmart must produce *electronically stored information*, if it exists, responsive to the plaintiff's discovery request.

At this point, without nothing more from Kmart on this matter, the court will compel its production of *electronically stored information* responsive to plaintiff's various requests. Once again, Kmart will conduct a thorough search of its computer systems and will provide the plaintiff with any electronically stored information responsive to the request or, alternatively, with responses (and accompanying affidavits, if necessary) demonstrating its diligent search of its computer systems.

Plaintiff requests that this court order Kmart "to provide [p]laintiff and [p]laintiff's expert open access to Kmart's home office databases…." FED. R. CIV. P. 34(a) does not generally give the requesting party right to search the responding party's records. *In re Ford Motor Co.*, 345 F.3d at 1317.[4] In an instance where the responding party has acted

---

[4] The court is aware that *In re Ford Motor Co.* was decided prior to the amendments to the FEDERAL RULES OF CIVIL PROCEDURE concerning electronically stored information. Those amendments however do not disturb the validity of the Eleventh Circuit's holding here.

improperly, the court may, in its discretion and to preserve discoverable information, respond accordingly. The plaintiff has produced no evidence demonstrating that Kmart has acted improperly. As such, this court will not provide the plaintiff with unfettered access to Kmart's computer databases. Should additional intervention be required at a later time, the court will consider what measures should be undertaken concerning Kmart's computer systems and the plaintiff's access to them.

## III.

The plaintiff additional asks that this court to enter spoliation jury instructions in this cause. At this point, discovery still progresses; there is no evidence demonstrating bad faith on Kmart's behalf; and, such an extraordinary relief is hardly warranted here.

## IV.

The plaintiff likewise has produced no evidence that Kmart has acted nefariously or in bad faith. Accordingly, the court concludes that the parties will bear their own costs in connection with this motion.

## V.

For the foregoing reasons, the plaintiff's Motion [91] to Compel is **GRANTED IN PART AND DENIED IN PART**.

(a) Kmart is directed to serve supplemental responses to the plaintiff's Third Set of Requests for Production of Documents as set forth above no later than September 4, 2007;

(b) Kmart is directed to search its computer systems for electronically stored information responsive to the requests outlined in Part II-B above and either provide the requested documents, if they exist, or furnish affidavits from Kmart officials attesting with sufficient particularity that Kmart has indeed

searched its computer systems, which do not contain information responsive to the plaintiff's requests;

(c) Plaintiff's request for open access to Kmart's computer systems is **DENIED**;

(d) Plaintiff's request for adverse jury instructions is **DENIED**; and

(e) Both parties shall bear their own costs in connection with this Motion.

**SO ORDERED**, this the 18th day of August, 2007.

                                                                  /S/ *S. Allan Alexander*
                                                                  UNITED STATES MAGISTRATE JUDGE